(655 P.2d 135)
No. 54,270

In the Interest of TINA DODGE, A Child Under 18 Years of Age.

Opinion filed December 16, 1982.

*John H. Taylor,* of Junction City, for the appellant.

*Roger L. Unruh,* guardian ad litem, of Junction City, *Gregory K. Barker,* assistant county attorney, and *Robert T. Stephan,* attorney general, for the appellee.

Before FOTH, C.J.; JEROME HARMAN, Chief Judge Retired, Assigned; and FREDERICK WOLESLAGEL, District Judge Retired, Assigned.

WOLESLAGEL, J.: In this appeal a natural mother claims her parental rights should not have been severed. She also claims the trial judge failed to explain why they were. We affirm.

Ordinarily, when parental rights are severed on the ground of unfitness, there is evidence that the parent has physically or mentally abused the child. That is not so in this case. All the evidence produced in the trial was that appellant was a good and loving mother. Her unfitness was found to exist only in that she did not take steps to keep the natural father from abusing the child and probably would not do so in the future.

Tina Dodge was born December 15, 1980, to Claudia Linderberger and Anthony Dodge who married in October, 1981. Tina was declared deprived and placed in foster care in February, 1981, where she remained until returned to her mother in August, 1981. The removal of the child from the mother resulted from an earlier case in which the trial court found the child had multiple rib fractures, breaking of the periosteal sheath of each leg, and a

subdural hematoma which caused a shunt to be implanted to carry off fluid from the brain.

Tina remained in the home of her mother from August, 1981, until December 12, 1981, when she was hospitalized for a period and returned to a foster home. The hospitalization, and the trial court hearing appealed from, resulted from finding the child had the following injuries: two black eyes, two head bruises, chin and head abrasions, a human bite on each ear, multiple scalp sores and severe diaper rash.

These conditions were discovered when the mother was hospitalized for the birth of another child and the father had the child in his care. He initially gave conflicting, but exculpatory, answers to various people about how the injuries occurred. Sometime later he admitted he had inflicted some of them. Except for the sores and rash, the testimony was that they, as well as the earlier brain injury, resulted from trauma.

At the hearing to determine if parental rights of the father and mother should be severed, the mother took the position that she wanted to continue living with her husband and with Tina. Everyone who testified that Claudia was a good and loving mother thought that Tina was in physical danger in a home with both parents. With this background, the trial judge found both parents unfit. Only the mother appealed.

The pertinent parts of our statutory law are K.S.A. 38-824(c) and K.S.A. 38-802(g). The former provides that a court may permanently sever parental rights when parents are found to be unfit to have custody of a deprived child.

The pertinent part of K.S.A. 38-802(g)(1) provides a child is deprived when "without proper parental care or control . . . or other care or control necessary for such child's physical, mental or emotional health." K.S.A. 38-802(g)(3) adds when "physically, mentally, emotionally abused or neglected . . . by . . . her parent."

Applying the statute to the evidence, it seems apparent that Tina was a deprived child because of physical abuse so long as the necessary parental fault existed. Since there was no evidence that abuse came from affirmative actions of the mother, it must have come, if at all, from lack of "proper care or control" under part (g)(1) or what is classed as being "physically . . . neglected" under part (g)(3). Further, K.S.A. 38-824(c) provides that

a court "may" sever parental rights if a child is deprived and the parent found unfit. It does not say that a court "shall" or "should" do so. Severance is thus within the trial court's discretion.

Turning to case authority, we find severance should be denied unless the finding of unfitness is founded upon "clear and convincing evidence." *In re Kerns*, 225 Kan. 746, 753, 594 P.2d 187 (1979).

Lacking statutory definition of unfitness, it has the ordinary meaning of "unsuitable" or "incompetent" or "unadapted for a particular purpose." See, *e.g., In re Brooks*, 228 Kan. 541, 550, 618 P.2d 814 (1980); *In re Armentrout*, 207 Kan. 366, Syl. ¶ 3, 485 P.2d 183 (1971). *Armentrout* indicates unfitness may relate to "unsuitability for any reason" as does *In re Bachelor*, 211 Kan. 879, Syl. ¶ 1, 508 P.2d 862 (1973).

We find no Kansas case factually in point. A general discussion is contained in an annotation in 53 A.L.R.3d 605. Custody was taken from a mother in *In re Biggs*, 17 Cal. App. 3d 337, 94 Cal. Rptr. 519 (1971), but severance did not appear to be in issue. The similar conduct there was a mother allowing her boyfriend to abuse her children. Severance was upheld in *In re Halamuda*, 85 Cal. App. 2d 219, 192 P.2d 781 (1948), because the mother allowed the father to abuse their son.

The appellate function in this case is to reverse only if there was no clear and convincing evidence supporting the decision of the trial court. We find the supporting evidence meets that test. We find Tina was a deprived child and that the mother did not use proper "care or control" necessary to keep her husband from impairing the health of the child. Since she would give the trial judge no reasonable assurance of effective preventive measures in the future, we agree that he had no choice but to declare her unfit and sever her parental rights.

Appellant argues the case should be remanded for an adequate statement of reason for the trial judge's holding. The record shows he verbally explained that society could not tolerate the neglect and resulting injury to the child as he found it and since she would not offer a solution, he had to hold her unfit and sever her rights. This satisfied K.S.A. 60-252(*a*) and Supreme Court Rule 165 (228 Kan. lxxxi). If appellant felt otherwise, she should have objected to inadequate findings and conclusions at the trial.

*Burch v. Dodge,* 4 Kan. App. 2d 503, Syl. ¶ 2, 608 P.2d 1032 (1980). She did not do so.

Affirmed.