(746 P.2d 96)

No. 60,620

IN THE INTEREST OF A.B. AND E.B, CHILDREN UNDER THE AGE OF EIGHTEEN YEARS.

Opinion filed November 25, 1987.

W. J. Fitzpatrick, of Independence, for the appellant.

Ann L. Smith, assistant county attorney, Sally Davis Pokorny, county attorney, and Robert T. Stephan, attorney general, for the appellee.

Stanley Basler, of Cherryvale, guardian ad litem.

Before REES, P.J., DAVIS and SIX, JJ.

SIX, J.: J.B., the natural mother of A.B. (age 5) and E.B. (age 2), appeals the district court's decision adjudicating A.B. and E.B. as children in need of care. J.B. also contends that the disposition order entered by the court on March 2, 1987, violates the provisions of K.S.A. 38-1563.

We affirm the "child in need of care" adjudications. However, we reverse and remand as to the disposition order.

## CHILD IN NEED OF CARE

J.B. contends that the court's determination that, A.B. and E.B. are children in need of care is not supported by the clear and convincing evidence requirement of K.S.A. 38-1555.

An orthopedic surgeon testified that, when admitted to the hospital, E.B., the two-year-old, was suffering from numerous injuries. The doctor observed that the fractures suffered by E.B. were not likely to have been caused by accident. In the doctor's opinion, the case raised suspicions of child abuse.

A hospital nurse testified that she talked to E.B. in the emergency room: "One of the things, I asked, I said did Mama hurt you, and he said—he said no. I said did Mama's boyfriend hurt you? He said yes."

E.B.'s five-year-old sister, A.B., told the police in a videotaped interview that R.W., J.B.'s boyfriend, had twisted E.B.'s leg in the playroom of the house.

While it is clear that the mother was not implicated in the physical abuse suffered by E.B., a parent may be held responsible for failing to take proper precautions to protect a child from abuse. See, *e.g.*, *In re Dodge*, 8 Kan. App. 2d 259, 655 P.2d 135 (1982); *In re Biggs*, 17 Cal. App. 3d 337, 94 Cal. Rptr. 519 (1971).

E.B. was taken to the hospital with multiple injuries. There was evidence which tended to indicate that at least some of those injuries were inflicted by the mother's boyfriend while the two children were under the mother's care and control.

A.B.'s status as a child in need of care is based solely on the evidence concerning the injuries to her brother, E.B. Because there is sufficient clear and convincing evidence concerning E.B.'s adjudication as a child in need of care, the court ·was justified in making an identical finding as to A.B. If the trial court observes abuse of one child, the judge should not be forced to refrain from taking action until the next child suffers injury. *In re Brooks*, 63 Ill. App. 3d 328, 339, 379 N.E.2d 872 (1978); *In the Matter of T.Y.K. & D.A.W.R.*, 183 Mont. 91, 95-96, 598 P.2d 593 (1979).

We hold that there was sufficient competent evidence of a clear and convincing quality to demonstrate that both A.B. and E.B. were children in need of care.

### THE DISPOSITION ORDER, K.S.A. 38-1563(h)

After determining that E.B. and A.B. were children in need of care, the trial court ordered that both children remain in the custody of the Department of Social and Rehabilitation Services (SRS) "for appropriate placement." The court recommended physical placement of A.B. with her natural mother and physical placement of E.B. with his natural father. On appeal, the mother contends that the trial court erred in granting SRS custody of the children without complying with the provisions of K.S.A. 38-1563(h). We agree.

K.S.A. 38-1563 provides in part:

"(d) If the court finds that placing the child in the custody of a parent will not assure protection from physical, mental or emotional abuse or neglect or sexual abuse or will not be in the best interests of the child, the court shall enter an order awarding custody of the child, until the further order of the court, to one of the following:

"(1) A relative of the child or a person with whom the child has close emotional ties;

"(2) any other suitable person;

"(3) a shelter facility; or

"(4) the secretary.

. . . .

"(h) The court *shall not enter an order removing a child from the custody of a parent pursuant to this section unless* the court first finds from evidence presented by the petitioner that reasonable efforts have been made to prevent or eliminate the need for removal of the child or that an emergency exists which threatens the safety of the child and requires the immediate removal of the child. *Such findings shall be included in any order entered by the court.*" (Emphasis added.)

The evidence at the March 2, 1987, disposition hearing indicated that the mother's boyfriend had moved out of her home a few days after the February 11, 1987, temporary custody hearing. Although not acknowledging the abuse, the mother indicated her willingness to comply with an SRS request that she not see the boyfriend.

In a letter to the district court dated February 25, 1987, a social worker and her supervisor requested permission to place E.B. with his mother following his dismissal from the hospital. The district court made the following notation: "Consent signed with the understanding that [the mother] will not allow any contact with [the boyfriend], and that she will allow SRS to check and confirm that there is no contact."

The court in this K.S.A. 38-1563 disposition order removed A.B. and E.B. from the custody of their mother. "Custody" is defined by the Code for Care of Children in K.S.A. 38-1502(m):

" 'Custody,' whether temporary, protective or legal, means the status created by court order or statute which vests in a custodian, whether an individual or an agency, the right to physical possession of the child *and the right to determine placement of the child,* subject to restrictions placed by the court." (Emphasis added.)

K.S.A. 38-1563(h) became effective July 1, 1986. Our review of the statute presents an examination of first impression.

The statute mandates disposition order findings. Because no such findings were made in the disposition order, we conclude that this case must be remanded.

We note that the mandatory language of K.S.A. 38-1563(h) which applies to disposition orders also applies to ex parte orders of protective custody, K.S.A. 38-1542, and to orders of temporary custody, K.S.A. 38-1543(i). The intent of the legislature is clear. A court shall not remove a child from the custody of a parent in a disposition hearing unless the court first makes the required findings and includes these findings in its disposition order.

The determination made by the district court that on March 2, 1987, A.B. and E.B. were children in need of care is affirmed. The order of disposition entered by the district court is reversed and remanded with instructions to comply with the legislative mandate of K.S.A. 38-1563(h), if the court's decision is to remove A.B. and E.B. from the custody of a parent.

Affirmed in part, reversed in part, and remanded with directions.