No. 49,662

CELCO, INC. OF AMERICA, A Delaware Corporation, *Appellee,* v. DAVIS VAN LINES, INC., A Kansas Corporation, and A. V. DAVIS and PAULINE DAVIS, husband and wife, *Appellants.*

(598 P.2d 188)

Opinion filed July 20, 1979.

*Kim Daniel Richey,* of Prairie Village, argued the cause and was on the brief for the appellants.

*Mark L. Yates,* of Stinson, Wisdom & Lasswell, of Wichita, argued the cause and was on the brief for the appellee.

The opinion of the court was delivered by

HERD, J.: This is an action by Celco, Inc. of America to collect rent due under lease agreements, the return of rental equipment, damages for fraud and attorney's fees from Davis Van Lines, Inc., A. V. Davis and Pauline Davis. The trial court found for Celco and Davis appeals.

The facts were stipulated by the parties as follows: Celco, Inc. of America is engaged in the business of leasing truck-tractors and trailers. Davis Van Lines, Inc. is a common carrier and hauls household furniture. A. V. Davis and Pauline Davis are the owners of all the common stock in Davis Van Lines, Inc.; A. V. Davis is the president of the company and Pauline Davis is the secretary-treasurer.

Between February 24, 1972, and June 15, 1973, Davis Van Lines leased a number of pieces of equipment from Celco, for which Davis Van Lines was to pay a monthly rental. A. V. Davis and Pauline Davis guaranteed in writing that Davis Van Lines, Inc. would promptly pay its monthly rental and discharge all of

its present and future obligations to Celco. They promised to pay all losses, costs, attorney's fees or expenses which Celco might suffer because of default on the lease agreement by Davis Van Lines, Inc., A. V. Davis or Pauline Davis. The Davises waived all exemptions and homestead laws and notices required by law.

Davis Van Lines, Inc. borrowed money from the Country Club Bank of Kansas City, the Southgate Bank and Trust Co., of Prairie Village, Kansas, and from the Small Business Administration. In each instance they gave the lender a security interest in some of the leased equipment claiming ownership in the equipment without the knowledge of Celco, Inc.

On two occasions, pieces of equipment leased by Davis Van Lines, Inc. from Celco were accidentally destroyed. The Davises filed claims with the insurance carrier for the equipment for the loss of the vehicles. They collected and used the insurance proceeds for their own benefit without notifying Celco, Inc.

Davis Van Lines, Inc. became delinquent in its rental payments. On or about February 10, 1976, Celco notified Davis Van Lines that all lease agreements were in complete default and demanded performance of the agreements within ten days. On February 16, 1976, Davis Van Lines wrote a check to the plaintiff for $2,747.60. The check was returned marked insufficient funds. On May 13, 1976, Celco demanded the lease agreements be brought to date and the equipment returned. In September, 1976, Celco filed suit in the District Court of Stafford County, Kansas, praying for judgment in the amount of $77,577.10, plus interest. The company also prayed for restitution of the leased equipment, attorney's fees and costs. An amended petition was filed with an additional prayer for a finding of fraud on the part of Davis Van Lines and A. V. Davis and Pauline Davis. The prayer for a finding of fraud was based upon the fact that the Davises had appropriated the insurance money to their own use and because A. V. Davis had written a check which had been returned due to insufficient funds.

The case was set for trial on August 10, 1977, in St. John, Kansas. The Davises and their counsel failed to appear and the trial was held in their absence. Judgment was rendered in favor of Celco, Inc. in the amount of $92,449.70, plus interest and $5,500.00 in attorney's fees. The trial court took two questions under advisement at that time: that of the validity of the waiver of

homestead and personal exemptions by A. V. Davis and Pauline Davis, and whether they had committed fraudulent conduct. The court directed the parties to file briefs on the two unresolved issues.

Appellants submitted a brief dealing only with the homestead exemption matter and did not contest the accusation of fraud. The trial court found the Davises had willfully, maliciously and fraudulently converted Celco's property and had failed to inform Celco of the destruction of the equipment and the payment they received from the insurance company. The court also found A. V. and Pauline Davis had effectively waived their homestead and personal exemptions, provided by Kansas Constitution, Article 15, § 9 and K.S.A. 60-2301 *et seq.*

The Davises moved the court for an order setting aside the default judgment or in the alternative for a new trial or to open the judgment for additional evidence. The motion was overruled and this appeal was taken.

Appellants urge as a matter of fact and law, the trial court erred or abused its discretion in finding they had committed fraud. This argument is without merit. The question of fraud was not contested by appellants in the court below, therefore they have no standing to raise the issue for the first time on appeal. *Beard v. Montgomery Ward & Co.,* 215 Kan. 343, 524 P.2d 1159 (1974). If the question had properly come before this court, we would still have found the issue without merit. Appellants stipulated the equipment was leased from Celco, Inc. and that they had mortgaged it on three different occasions to secure a loan to Davis Van Lines, Inc. without appellee's knowledge or consent. They also stipulated they had collected the proceeds of insurance policies on the leased equipment and used it for the benefit of Davis Van Lines, Inc. We find the stipulated facts, amounting to admissions against interest, are sufficient to support the court's finding of fraud, and that the fraud is not a severable item; all of the leases are thereby tainted.

Appellants raise one more issue on this point. They complain the trial court made no findings of fact and conclusions of law pursuant to Rule No. 165 (224 Kan. lxxii), and K.S.A. 60-252(*a*). We point out this was a default judgment under K.S.A. 60-255(*a*) where the trial court need only conduct such hearings as it deems necessary. The court was not obligated to make findings of fact.

See *Automatic Feeder Co. v. Tobey,* 221 Kan. 17, 558 P.2d 101 (1976). In addition, we note the record is void of any indication the appellants objected to the absence of findings and conclusions at the trial level. See comment, Gard's Kansas C. Civ. Proc. § 60-252 (1963), which states:

"It is well established in Kansas that in the absence of an objection first made in the trial court omissions in findings will not be considered in the appellate court. The trial court is presumed to have found all of the facts in issue necessary to support the judgment. See Bottenberg Implement Co. v. Sheffield, 171 K 67, 229 P2d 1004; Snodgrass v. Carlson, 117 K 353, 232 P 241; Black v. Black, 123 K 608, 256 P 995; Shuler v. Lashhorn, 67 K 694, 74 P 264."

Appellants first issue of error is without merit.

Appellants next argue the trial court erred in finding the waivers of homestead and personal exemption rights by A. V. Davis and Pauline Davis were valid. A. V. Davis and Pauline Davis each executed personal guarantees to appellee for obligations of Davis Van Lines, Inc. The guarantee provided, among other things, as follows:

"Each of us waives notice of acceptance hereof and of presentment, demand, protest and notice of non-payment or protest as to any note or obligation signed, accepted, endorsed or assigned to you by said Company, and all exemptions and homestead laws and any other demands and notices required by law, and we waive all set-offs and counterclaims."

The applicable part of Article 15, § 9 of the Kansas Constitution provides:

"A homestead to the extent . . . of one acre within the limits of an incorporated town or city, occupied as a residence by the family of the owner, together with all the improvements on the same, shall be exempted from forced sale under any process of law, and shall not be alienated without the joint consent of husband and wife, when that relation exists; but no property shall be exempt from sale for taxes, or for the payment of obligations contracted for the purchase of said premises, or for the erection of improvements thereon: *Provided,* The provisions of this section shall not apply to any process of law obtained by virtue of a lien given by the consent of both husband and wife . . . ."

The constitutional provisions are repeated in K.S.A. 60-2301.

It is well established that both homestead and personal exemptions may be waived under certain circumstances. *State v. Goering,* 193 Kan. 307, 392 P.2d 930 (1964); *Iowa Mutual Ins. Co. v. Parr,* 189 Kan. 475, 370 P.2d 400 (1962). Neither exemption may, however, be waived by executory contract. 35 C.J.S., Exemptions § 103, p. 152. This court condemned the waiver of a

homestead exemption by executory contract in *Iowa Mutual* in accordance with the court's liberal construction of the homestead provision in our constitution. In keeping with the view that exemption laws are designed "to protect debtors against their own improvidence," we stated in that case:

"The Kansas Constitution and the legislature have declared a homestead to be exempt. The homestead cannot be subjected to forced sale to satisfy debts except in the following situations: (1) To pay taxes; (2) to pay obligations contracted for the purchase of the homestead; (3) to pay obligations contracted for the erection of improvements on the homestead; or (4) any process of law obtained by virtue of a lien given by the consent of both husband and wife." p. 478.

The court, however, went on to say:

"If the waiver does not create a lien, then no lien was created by the joint consent of the husband and wife. There must be a valid lien on the particular homestead right when the waiver is made. (*West v. Grove,* 139 Kan. 361, 31 P.2d 10.)

"The indemnity agreement executed by the parties herein was an executory contract—one where the parties obligated themselves to perform in the future. . . .

. . . .

"On the facts in the case at bar the appellants owned and occupied the real property in question as their homestead with their family when the indemnity agreement was executed, and they continued to occupy these premises as their homestead at all times material to this litigation. Under these circumstances we hold the appellant's agreement to waive the benefit of the homestead exemption allowed them by the Constitution of Kansas, in the executory agreement here under consideration, is contrary to the public policy of this state and of no effect." pp. 478, 481.

We find the waiver of either personal or homestead exemptions by executory contract is contrary to public policy. We hold the attempted waiver of these exemptions by A. V. and Pauline Davis by executory contract is of no effect. The trial court's order pertaining to this issue is reversed.

Finally, appellants complain the trial court abused its discretion when it refused to set aside the default judgment or in the alternative grant a new trial or open the judgment for further evidence. The decision on a motion to set aside a default judgment rests in the sound discretion of the trial court and will not be disturbed on appeal unless there is proof of arbitrary and capricious action. *Jenkins v. Arnold,* 223 Kan. 298, 593 P.2d 1013 (1978). There is no merit to appellants' issue of error.

The judgment of the trial court is affirmed in part and reversed in part.