No. 70,861

In the Matter of the Marriage of BARBARA KAY BRADLEY, *Appellant*, and DEAN WILLIAM BRADLEY, *Appellee*.
(899 P.2d 471)

Opinion filed July 14, 1995.

*Mel Gregory*, of Toomey, Russell, Gregory & Pilgreen, LLC, of Wichita, was on the brief for appellant.

*Michael E. Baker*, of McDonald, Tinker, Skaer, Quinn & Herrington, P.A., of Wichita, was on the brief for appellee.

The opinion of the court was delivered by

SIX, J.: This case involves a post-divorce change of primary residential custody. Barbara Bradley-Copple objects to the transfer of the parties' two minor children to Dean Bradley, the children's father. The change resulted from Barbara's move from the Wichita

area, where the children and both parents lived, to Washington, D.C.

In an unpublished opinion filed November 10, 1994, the Court of Appeals affirmed the change of custody but declined to address some of Barbara's contentions because she failed to object to the district court's findings. The Court of Appeals invited us to review apparently conflicting precedents regarding district court findings and the necessity of objecting in the district court to preserve the issue on appeal. The invitation focuses on the proper application of K.S.A. 60-252 and Supreme Court Rule 165 (1994 Kan. Ct. R. Annot. 169). A similar invitation was extended by Judge (now Justice) Abbott in 1982. See *In re Lett & Jackson,* 7 Kan. App. 2d 329, 337, 640 P.2d 1294, *rev. denied* 231 Kan. 800 (1982) (Abbott, J., concurring). Our jurisdiction is under K.S.A. 20-3018(b). We granted Barbara's petition for review.

## THE ISSUES

The Court of Appeals' invitation leads us to consider whether, in actions covered by K.S.A. 60-252 and Rule 165, a party must object to the district court's findings to allege deficiencies in such findings on appeal, and if so, whether there are any exceptions to that rule.

We also consider whether: (1) Barbara was entitled to a statutory presumption in favor of retaining custody under K.S.A. 60-1610(a)(3)(A); (2) the district court's findings were supported by sufficient evidence; (3) the district court abused its discretion in giving Dean primary custody; and (4) Barbara's "refusal" to sign the journal entry was a sufficient "objection" to the district court's findings to preserve a challenge to the findings on appeal.

We find no error and affirm.

## FACTS

Barbara and Dean divorced in 1988. They had two children, Boone and Brittany, who then were 8 and 4. Both parents stipulated that the other was a fit and proper parent, capable of sharing in a joint-custody arrangement. They could not, however, initially agree on who would have primary residential custody of the chil-

dren. The divorce decree awarded primary residential custody to Barbara, in a joint-custody arrangement. The joint-custody arrangement worked well from 1988 to early 1993, while both parents lived in the Wichita area.

Barbara gave notice to Dean in March 1993 that she intended to move with the children to Washington, D.C. She had accepted a new job and was involved in a relationship, which later resulted in marriage. Dean responded by filing a motion to change primary residential custody of the children under K.S.A. 60-1610(a)(2). He alleged that Barbara's move out of state was a material change of circumstances, see K.S.A. 60-1620(c), and that the best interests of the children would be served by staying with him in Wichita.

Barbara and Dean agreed to have a licensed psychologist interview all family members and make a recommendation as to the best interests of the children. The psychologist recommended that the children remain in Wichita with their father. Both parents were described as good parents, and the children's loyalty to both parents was noted. The psychologist based his conclusion mainly on "the picture of proven stability" for the children in Wichita with their schools, friends, and relatives.

Barbara rejected the recommendation. The district court heard testimony from Barbara and Dean and considered the report. At the conclusion of the hearing, primary residential custody of the children was transferred to Dean. The district court later filed a journal entry setting forth its findings and conclusions.

Barbara, in the Court of Appeals, challenged the adequacy of the district court's findings and the sufficiency of the evidence supporting the findings. She also argued that a statutory presumption under K.S.A. 60-1610(a)(3)(A) applies, favoring a finding that the children should remain with her because of the "agreement" in the divorce decree giving her primary custody.

The Court of Appeals, in affirming, held: (1) the statutory presumption of K.S.A. 60-1610(a)(3)(A) did not apply, and (2) the district court "implicitly" made the required finding of a material change of circumstances.

The Court of Appeals then turned to apparent ambiguities in the law regarding the need to object to findings under K.S.A. 60-

252 to raise inadequacies in the findings on appeal. Upon concluding that we require objections to findings at the district court level, the Court of Appeals held that it "cannot consider [Barbara's] arguments on appeal" and "need not consider other issues raised." Consequently, the Court of Appeals did not reach Barbara's contention that the evidence was insufficient to support the district court's findings.

## DISCUSSION

We are reviewing an order involving the custody of children. Certain basic principles guide our analysis. "The trial court is in the most advantageous position to judge how the interests of the children may best be served. [Citations omitted.] . . . The judgment of the trial court will not be disturbed without an affirmative showing of an abuse in the exercise of discretion." *Simmons v. Simmons*, 223 Kan. 639, 643, 576 P.2d 589 (1978).

Barbara's petition for review also raises several questions of law. We have unlimited review of any conclusions of law reached by the district court or the Court of Appeals. *Gillespie v. Seymour*, 250 Kan. 123, 129, 823 P.2d 782 (1991).

### Statutory Presumption

Barbara questions the Court of Appeals' conclusion that she was not entitled to a presumption under K.S.A. 60-1610(a)(3)(A) in favor of retaining custody. In order for the presumption to apply, the parties must "have a written agreement concerning the custody or residency of their minor child." K.S.A. 60-1610(a)(3)(A). The presumption favors a finding that a child's best interests are served by following the terms of the parents' agreement. Barbara contends that their 1988 divorce decree included such an agreement. The Court of Appeals reviewed the record and concluded that Barbara and Dean disputed custody in 1988. Consequently, the statutory presumption did not apply.

The divorce decree is not styled as an agreement between Barbara and Dean. The decree, however, incorporated an "agreed upon" visitation schedule, which provided that the "agreement" was to be reviewed by the parties in one year. Thus, it is possible

that Barbara and Dean resolved their disputes on custody and visitation prior to the entry of the divorce decree. Both Barbara and Dean signed the divorce decree.

Even if the 1988 divorce decree included "a written agreement concerning the custody or residency of [the] minor child[ren]," K.S.A. 60-1610(a)(3)(A) still would not apply to the present dispute. The agreement reflected in the divorce decree contains no contingencies for one party moving out of state, and there is no evidence that either party was contemplating such a move in 1988. Consequently, with respect to the question before the district court in the case at bar—whether the best interests of the children *in 1993* would be served by moving with their mother or staying with their father—Barbara and Dean had reached no agreement. K.S.A. 60-1610(a)(3)(A) provides no basis for reversal.

## District Court's Findings and Conclusion

K.S.A. 60-1610(a)(2)(A) allows a court to change a prior custody order "when a material change of circumstances is shown." Determinations of custody or residency of a child must be made according to the "best interests of the child." K.S.A. 60-1610(a)(3). "All relevant factors," including but not limited to seven factors listed in K.S.A. 60-1610(a)(3)(B), are to be considered.

In her brief to the Court of Appeals, Barbara stated the issue as follows:

"Did the Court err in changing the custody of the two minor children from [Barbara to Dean] without any legal finding *or evidence* of 'material change of circumstances' or any legal finding *or evidence* concerning the 'best interests of the children' as required by K.S.A. 1990 Supp. 60-1610, *et. seq.* [?]" (Emphasis added.)

She argued that the district court failed to affirmatively state it had found a "material change of circumstances" and failed to state it had considered each enumerated factor in K.S.A. 60-1610(a)(3)(B) in determining the "best interests" of the children. In addition, however, Barbara also argued that "based upon the *evidence*" the district court could not have found a material change of circumstances, and urged "a reversal based upon the *evidence* before this Court." (Emphasis added.)

The Court of Appeals did not review the sufficiency of the evidence supporting the district court's findings and conclusions. After holding that the district court "implicitly found a material change of circumstances, as required," the Court of Appeals considered whether Barbara's failure to object to the district court's findings precluded her from challenging such findings on appeal. The Court of Appeals characterized as conflicting precedents our holdings in *Henrickson v. Drotts*, 219 Kan. 435, Syl. ¶ 2, 548 P.2d 465 (1976) (requirements of K.S.A. 60-252 and Supreme Court Rule 116 [now 165] "may not be waived by the district court or by the parties to the action"), and *Celco, Inc. of America v. Davis Van Lines, Inc.*, 226 Kan. 366, Syl. ¶ 2, 598 P.2d 188 (1979) (in the absence of an objection first made in the trial court, omissions in findings will not support reversal because the trial court is presumed to have found the facts necessary to support its judgment).

The Court of Appeals applied the *Celco* rule to the instant case because we recently did so in *Tucker v. Hugoton Energy Corp.*, 253 Kan. 373, 378, 855 P.2d 929 (1993). The Court of Appeals held that review of the "other issues raised" was foreclosed because Barbara failed to object to the district court's findings.

We do not agree with closing off all further review. K.S.A. 60-252(b) provides that "the question of the *sufficiency of the evidence to support the findings* may thereafter be raised *whether or not the party raising the question has made in district court an objection to such findings* or has made a motion to amend them or a motion for judgment." Thus, Barbara is entitled to appellate review of the sufficiency of evidence supporting the findings—an issue she clearly has raised.

The record contains more than sufficient competent evidence to support the district court's findings and conclusions with respect to a material change of circumstances and the best interests of the children. Barbara admitted to having moved to Washington, D.C. She sought to have the children move with her. The prospect of moving the children out of state, which would necessarily end the existing co-parenting arrangement, was understood by all parties to be a material change of circumstances under the meaning of the

statute. See K.S.A. 60-1620(c). Barbara never contended otherwise at the district court level.

As for the evidence supporting the decision of what was in the best interests of the children, the district court heard testimony from both parents and reviewed the report of the independent psychologist who had interviewed both parents and both children. Barbara's counsel admitted that there is "no question . . . that Dean is a caring parent and that he is a fit parent to have these children." Dean testified about his employment, his home being close to the children's schools, the children's friends in the neighborhood, and his "good support system" of friends, neighbors, and his parents (the children's grandparents), among other things. The only factor in K.S.A. 60-1610(a)(3)(B) that was not fully considered was the children's desire as to their custody or residency. However, Barbara and Dean expressly requested that the psychologist not ask the children any questions that might make them feel as though they had to choose. Nevertheless, the psychologist still made observations concerning the children's feelings about their parents and their desire to spend more equal amounts of time with each.

Barbara advanced good arguments and introduced evidence showing the advantages for the children in moving to Washington, D.C., and in continuing to live with her, as they had since the divorce. The trial judge admitted to "racking [his] brain" because of the difficulty of the decision.

Our function is not to delve into the record and engage in the emotional and analytical tug of war between two good parents over two good children. The district court was in a better position to evaluate the complexities of the situation and to determine the best interests of the children. Unless we were to conclude that no reasonable judge would have reached the result reached below, the district court's decision must be affirmed. As there were good reasons and sufficient evidence supporting the district court's decision, and the district court understood and applied the correct, controlling legal principles, we find no abuse of discretion.

Barbara's arguments about deficiencies in the oral and written findings made by the district court are not persuasive. Barbara's complaints about the adequacy of the district court's findings are

basically complaints about the result. This is not a case where the district court issued a general finding in favor of Dean, without explanation. Rather, the district judge gave an oral explanation, and then filed a four-page journal entry summarizing his decision. Both in the evidentiary hearing and in its written findings, the district court correctly stated that the controlling legal standard was the best interests of the children. The finding of material change of circumstances was, as the Court of Appeals held, implicit in the district court's findings.

## Consequences of Barbara's Failure to Object to District Court's Findings

Finally, although we have addressed the merits of Barbara's appeal, it is appropriate to accept and consider the Court of Appeals' invitation to clarify the rules concerning which arguments are improperly raised on appeal without an objection to the district court's findings. The Court of Appeals identified what it views as a conflict between two of our prior opinions, *Henrickson,* 219 Kan. 435, and *Celco,* 226 Kan. 366, regarding the operation of K.S.A. 60-252 and Supreme Court Rule 165.

K.S.A. 60-252 sets forth the rules and requirements relating to a district court's findings in actions tried without a jury. Rule 165 makes clear that K.S.A. 60-252 applies to "all contested matters submitted to a judge without a jury." The statute and the rule join to require that trial judges state the legal principles controlling their decisions and also the controlling facts. There is no question that K.S.A. 60-252 and Rule 165 apply to the decision granting the change of custody in the present case.

K.S.A. 60-252 was originally enacted as part of the Code of Civil Procedure that took effect in 1964. L. 1963, ch. 303, 60-252. Before 1964, in actions tried to the court, the trial court was permitted to make a general finding for the plaintiff or defendant, with no affirmative duty to state its findings of fact or conclusions of law "unless one of the parties request it." G.S. 1949, 60-2921. In contrast, K.S.A. 60-252(a) provides that the trial court "shall find, and either orally or in writing state, the controlling facts. . . . Requests for findings are not necessary."

We have observed that the rules requiring more specific findings are "designed as an aid to the integrity of the decision," *Duffin v. Patrick*, 212 Kan. 772, Syl. ¶ 2, 512 P.2d 442 (1973), and are "for the benefit of this court in facilitating appellate review." *Henrickson*, 219 Kan. 435, Syl. ¶ 2.

In cases decided before 1977, including *Henrickson*, we emphasized the "mandatory" nature of the rules requiring that district courts state the controlling facts and legal principles controlling their decisions. See, *e.g., Henrickson*, 219 Kan. 435, Syl. ¶ 2; *Mies v. Mies*, 217 Kan. 269, Syl. ¶ 1, 535 P.2d 432 (1975); *Froelich v. Adair*, 213 Kan. 357, 359, 516 P.2d 993 (1973); *Read v. Estate of Davis*, 213 Kan. 128, Syl. ¶ 1, 515 P.2d 1096 (1973); *Duffin*, 212 Kan. 772, Syl. ¶ 2. Thus, in cases where the district court's findings were too "general" or were otherwise inadequate for appellate review, we vacated the judgments and remanded for more specific findings, *Henrickson*, 219 Kan. at 441; *Read*, 213 Kan. at 136, or, occasionally, new trials. *Mies*, 217 Kan. at 274-75 (new trial required because issues could not be resolved on the record from the first trial); *Froelich*, 213 Kan. at 359 (new trial required because judge who heard the case was no longer an active judge).

In none of the pre-1977 cases did we suggest that it was necessary for a party to object to the findings of the district court to allege deficiencies in such findings on appeal. We rarely, if ever, noted whether such objections had been made. In *Henrickson*, however, the prevailing party (plaintiff-creditor) in the district court argued that the appellant (defendant-debtor) should be foreclosed from challenging the district court's findings as too general because the appellant acquiesced to the "summary procedure" used to decide the case. 219 Kan. at 440. We refused to apply the procedural default rule urged by Henrickson, however, holding instead that K.S.A. 60-252 and Rule 116 (now Rule 165) requiring more specific findings may not be waived by the district court or by the parties. 219 Kan. at 441.

The next time we considered an appeal alleging deficient findings by a district court was in *Celco*, 226 Kan. 366. *Celco* did not mention *Henrickson*. In *Celco*, the district court entered a default judgment for the plaintiffs, in an action alleging fraud and breach

of an equipment rental agreement, after the defendants failed to appear at trial. 226 Kan. at 367. On appeal, the defendants contended, among other things, that the district court failed to make findings and conclusions according to K.S.A. 60-252 and Rule 165. We noted that such findings were not necessary because *Celco* was a default judgment case governed by K.S.A. 60-255. In addition, we noted that the defendants had made no objection to the absence of findings at the trial level, and cited a comment from Gard's Kansas C. Civ. Proc. § 60-252 (1963) suggesting that the lack of objection precluded appeal on that ground. 226 Kan. at 369. Gard relied solely on four pre-code cases that dealt with the former statute governing bench trials. See Comment, 1 Gard's Kansas C. Civ. Proc. 2d Annot. § 60-252 (1979). As we have noted, the old statute, G.S. 1949, 60-2921, is completely opposite to 60-252. The old statute required that in bench trials, courts need only make *general* findings *unless a party requested specific ones*. The adoption of the 1964 code, which included 60-252, repealed 60-2921. We incorporated our *Celco* holding into the syllabus as follows:

"In the absence of an objection first made in the trial court, omissions in findings will not be fatal to a judgment since the trial court is presumed to have found all of the facts in issue necessary to support the judgment." *Celco*, 226 Kan. 366, Syl. ¶ 2.

*Celco* marks the first time we suggested that objections to findings are necessary to challenge deficiencies in such findings on appeal.

No objection must be made in the district court to challenge *the sufficiency of the evidence* supporting a court's findings and conclusions. See K.S.A. 60-252(b). The type of challenges foreclosed on appeal by the lack of an objection under *Celco* are those that pertain to the form and specificity of the oral or written findings.

*Burch v. Dodge*, 4 Kan. App. 2d 503, 507, 608 P.2d 1032 (1980), recognized the apparent change in the law ushered in by *Celco*. The *Celco* rule was later criticized as dictum and relying on outdated precedent. See *In re Lett & Jackson*, 7 Kan. App. 2d 329, 338, 640 P.2d 1294, *rev. denied* 231 Kan. 800 (1982) (Rees, J., dissenting). Since *Celco*, we have consistently applied the require-

ment that parties must object to findings at the district court level to challenge the findings on grounds other than the sufficiency of the evidence. See *Tucker v. Hugoton Energy Corp.*, 253 Kan. at 378 (findings challenged for failing to set forth mathematical procedure used to arrive at income and expenses for gas wells); *Bazine State Bank v. Pawnee Prod. Serv., Inc.*, 245 Kan. 490, 498, 781 P.2d 1077 (1989) (findings challenged as failing to comply with K.S.A. 60-252 and Rule 165), *cert. denied* 495 U.S. 932 (1990); *Green v. Geer*, 239 Kan. 305, 310-11, 720 P.2d 656 (1986) (findings challenged as omitting a ruling on indemnity claim); *Thurner v. Kaufman*, 237 Kan. 184, 190, 699 P.2d 435 (1985) (findings did not include specific findings that damages were inadequate or that cancellation of lease was necessary to prevent injustice); see also *Scharfe v. Kansas State Univ.*, 18 Kan. App. 2d 103, 110, 848 P.2d 994, *rev. denied* 252 Kan. 1093 (1992) (findings challenged as failing to comply with K.S.A. 60-252); Authors' Comments, 3 Vernon's Kansas C. Civ. Proc. § 60-252.3, p. 267 (1964).

The reason for requiring an objection at the district court level is obvious: A timely objection brings the alleged deficiency to the attention of the district court, which can then amend, clarify, or change its decision if necessary, *before* the parties go to the expense and delay of an appeal. See *In re Lett & Jackson*, 7 Kan. App. 2d at 335-37 (Abbott, J., concurring); *Burch*, 4 Kan. App. 2d at 507. The rule is designed to make justice more swift, more efficient, and less expensive. By taking advantage of the 10-day period for filing a motion to amend the findings and, if necessary, a motion for new trial, see K.S.A. 60-252(b), a party on the losing end of a district court's ruling might avoid an appeal by pointing out a mistake to the district court.

We recognize that it is the trial court's duty in the first instance to make findings in compliance with K.S.A. 60-252 and Rule 165. If the "trial court's findings of fact and conclusions of law are inadequate to disclose the controlling facts or the basis of the court's findings," thus precluding meaningful appellate review, we may remand for additional findings and conclusions although none of the parties objected in the trial court. *Burch*, 4 Kan. App. 2d at 504.

We resolve the apparent conflict between *Hendrickson* and *Celco* by endorsing the following rule: In all actions under K.S.A. 60-252 and Rule 165, when the trial court has made findings, it is not necessary to object to such findings to question the sufficiency of the evidence on appeal. However, if the findings are objectionable on grounds other than sufficiency of the evidence, an objection at the trial court level is required to preserve the issue for appeal. If, however, the appellate court is precluded from extending meaningful appellate review, the case may be remanded although no objection was made in the trial court.

### Refusal to Sign Journal Entry

Barbara questions in her petition for review whether her "refusal to sign the Journal Entry" constitutes a sufficient "objection" to the district court's findings to avoid the *Celco* bar to appellate review. Although she asks the question in the context of seeking review of her "arguments regarding the sufficiency of evidence," for which no objection is necessary, the question is nevertheless worth addressing, briefly. The answer to Barbara's question is, "No."

The purpose of requiring parties to object in the trial court is to provide the trial court with an opportunity to correct defects in its findings or, if necessary, change its mind about the outcome before the case is appealed. An unexplained "refusal" to sign a journal entry, assuming a signature was even requested, does not inform the trial court of the specific objections to the findings that the party has in mind.

Affirmed.