(3 P.3d 101)
No. 82,860

In the Matter of the Marriage of RITA D. BUETOW, *Appellant,*
and KEVIN W. BUETOW, *Appellee.*

—

Opinion filed June 9, 2000.

*Kiehl Rathbun,* of Wichita, for appellant.

*Bruce E. Borders,* of Independence, for appellee.

Before RULON, P.J., GREEN, J., and WAHL, S.J.

GREEN, J.: Rita D. Buetow appeals from the division of property in a divorce action. On appeal, Rita argues that the trial court erred in ruling that her former husband's disability award did not form part of the marital estate. We disagree and affirm.

Kevin W. Buetow was injured in a work-related accident while employed by Union Pacific Railroad. Less than 2 weeks after the accident, Kevin's wife, Rita, filed for divorce. The trial court granted a divorce and divided the marital property, but reserved ruling on whether Rita should receive a portion of Kevin's disability award until Kevin collected the settlement payment.

After Kevin received the lump sum disability payment, he moved for a determination of whether the award was part of the marital estate. The trial court determined that the disability award was not part of the marital estate because it compensated Kevin for "his

personal injury, disability, and loss which extended beyond filing for divorce."

The sole issue on appeal is whether the trial court erred in determining that the disability award was not part of the marital estate. First, it is important to note that because Kevin suffered a work-related injury while working for Union Pacific Railroad, the Federal Employers' Liability Act (FELA) governs his disability award. See 45 U.S.C. § 51 *et seq.* (1994). FELA provides the exclusive remedy for a railroad employee who is injured while his or her employer engages in interstate commerce. See *Erie R.R. Co. v. Winfield*, 244 U.S. 170, 61 L. Ed. 1057, 37 S. Ct. 556 (1917).

Kansas appellate courts have not previously addressed whether a disability award distributed under FELA is an asset subject to a division in a divorce. Although FELA benefits are awarded under a federal program, federal workers compensation awards are not immune from state law process. For example, in *Gonzalez v. Gonzalez*, 689 S.W.2d 383, 386 (Mo. App. 1985), the court held that an award distributed under FELA was marital property subject to division. *Gonzalez* rationalized that the Missouri courts could divide FELA benefits in divorce actions "[b]ecause Congress has not 'positively required by direct enactment' in the F.E.L.A. statutes that state law relating to a division of property in a dissolution of marriage action be preempted." 689 S.W.2d at 386. We similarly find that Kansas courts are not preempted from dividing benefits awarded to a spouse under FELA, provided the benefits qualify as marital property. See generally Annot., 30 A.L.R. 5th 139.

When determining whether personal injury settlements and workers compensation benefits are marital property, courts apply two general approaches— the mechanical and the analytical. See *Parde v. Parde*, 258 Neb. 101, 108-10, 602 N.W.2d 657 (1999). A minority of courts apply the mechanical approach. Under this approach, personal injury awards are categorized entirely as marital property. See 258 Neb. at 109. On the other hand, the analytical approach evaluates the nature and underlying reasons for the compensation. " 'The core of the analytic approach is its recognition that the classification of the award depends upon the nature of the

underlying loss.' [Citation omitted.]" 258 Neb. at 109; see generally Annot., 30 A.L.R. 5th 139.

The Kansas Court of Appeals applied the analytical approach in *In re Marriage of Powell*, 13 Kan. App. 2d 174, 766 P.2d 827 (1988), *rev. denied* 244 Kan. 737 (1989). In that case, the trial court awarded the wife one-half of the couple's cash assets, which included money received from the husband's personal injury settlement. The *Powell* court held that a personal injury settlement is marital property. 13 Kan. App. 2d at 180. In so holding, the court analyzed the nature of the underlying loss and viewed the personal injury settlement as a settlement for the entire family. *Powell* further rationalized that a personal injury settlement not only compensates the individual for personal expenses, but also provides maintenance for the family of the injured spouse. As a result, *Powell* held that the wife was entitled to a portion of the husband's personal injury settlement. 13 Kan. App. 2d at 180.

The analytical approach has also been adopted by the Colorado Court of Appeals in *In re Marriage of Smith*, 817 P.2d 641, 644 (Colo. App. 1991). Although a previous Colorado decision classified personal injury settlements as marital assets, the *Smith* court held that workers compensation permanent disability benefits are not marital assets. The court rationalized:

"[The Colorado Workers' Compensation Act] reflects a legislative intent to ensure that workers' compensation benefits are available as a wage substitute to the injured employee. This legislative policy would be contravened by a judicial holding that workers' compensation awards are marital property to be divided upon dissolution irrespective of whether the award compensates for an injured spouse's diminished earning capacity during marriage or after dissolution.
. . . .
"Accordingly, the dispositive question in determining whether workers' compensation benefits are marital property is the extent to which the award compensates for loss of earning capacity and medical expenses incurred during marriage. To the extent that an award compensates the spouse for post-dissolution loss of earning capacity, it is not marital property even if the compensable injury occurred during the marriage." 817 P.2d at 644.

*Smith* concluded that the husband's pending claim for permanent disability benefits was not a marital asset. 817 P.2d at 644.

Most recently, the analytical approach was adopted by the Nebraska Supreme Court in *Parde*. The *Parde* court addressed whether the unpaid portion of the husband's FELA settlement was marital property. The court relied on a four-factor test previously articulated in a Nebraska Court of Appeals' decision. In determining whether portions of an award are marital property or separate property, Nebraska courts now consider

" '(1) the purpose of the award, e.g., whether it was made for lost earnings, loss of future earning capacity, or some other purpose; (2) the time period of any diminished earning potential or disability; (3) the nature and date of the underlying injury; and (4) the terms of the award.' " 258 Neb. at 107 (quoting *Gibson-Voss v. Voss*, 4 Neb. App. 236, 242, 541 N.W.2d 74 [1995]).

The *Parde* court then noted that Nebraska, like Kansas, is an equitable distribution state and "[i]n equity, there is rarely one tidy answer that fits every size and type of problem that courts are called upon to resolve." 258 Neb. at 108. Accordingly, *Parde* concluded that "a principled approach to this issue should be consistent with the basic policy rule that the marital estate should include only property created by the marital partnership." 258 Neb. at 108.

In summary, to the extent that FELA benefits compensate an injured spouse for post-dissolution lost earnings or loss of earning capacity, the benefits are not marital property. However, to the extent the benefits compensate for a diminution of the marital estate, that is, compensation for past wages, medical expenses, and other items incurred during the marriage, the benefits are marital property subject to division. Because the trial court determined that Kevin's FELA benefits compensated him for "personal injury, disability, and loss which extended beyond filing for divorce," the trial court properly excluded the disability award from the marital estate.

Affirmed.