IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 124,904

In the Matter of the Marriage of

NANCY KARANJA-MEEK,
*Appellee*,

and

AARON MARSHALL MEEK,
*Appellant.*

SYLLABUS BY THE COURT

1.

In general, a party must only raise a legal issue to preserve it for appellate review. A party faced with an adverse judgment on a legal issue need not move to amend or alter the judgment to preserve that issue for appellate review.

2.

Per the plain text of K.S.A. 23-2801, all property of married persons becomes marital property upon commencement of divorce proceedings in which a court enters a final divorce decree.

Review of the judgment of the Court of Appeals in 64 Kan. App. 2d 270, 551 P.3d 127 (2024). Appeal from Johnson District Court; K. CHRISTOPHER JAYARAM, judge. Oral argument held January 30, 2025. Opinion filed April 18, 2025. Judgment of the Court of Appeals reversing the district court is affirmed. Judgment of the district court is reversed, and the case is remanded with directions.

*Joseph W. Booth*, of Law Office of Joseph W. Booth, of Lenexa, argued the cause and was on the briefs for appellant.

1

*Jonathan Sternberg*, of Jonathan Sternberg, Attorney, P.C., of Kansas City, Missouri, argued the cause, and *Brody Sabor*, of the same firm, was with him on the briefs for appellee.

The opinion of the court was delivered by

STEGALL, J.: Nancy Karanja-Meek and Aaron Meek were married. While married, Aaron suffered severe work-related injuries from an explosion. Both Aaron and Nancy were awarded separate personal injury awards as part of a settlement. These awards were large lump-sum payments with the remaining amounts placed in annuities with guaranteed payments until 2045. Nancy's personal injury award was for loss of consortium. Nancy filed for divorce a little over two years later.

In dispute are the two annuities, one in Nancy's name and the other in Aaron's name. The district court, relying on caselaw from the Court of Appeals, held that the annuities were separate property, not subject to equitable division by the court in divorce proceedings. See *In re Marriage of Buetow*, 27 Kan. App. 2d 610, 613, 3 P.3d 101 (2000) (applying analytical approach to exclude Federal Employers' Liability Act benefits from marital property); see also *In re Marriage of Powell*, 13 Kan. App. 2d 174, 178-80, 766 P.2d 827 (1988) (holding that personal injury settlements are subject to equitable division, but by comparing caselaw from other states rather than a close analysis of the statutory text). Aaron appealed, arguing that Nancy's annuity was marital property. The Court of Appeals agreed. However, the Court of Appeals held that *both* annuities were marital property subject to equitable division under what it described as the "mechanical approach." Under this approach, all property owned by both spouses is subject to equitable division by a court in divorce proceedings, regardless of the source of that income. *In re Marriage of Meek*, 64 Kan. App. 2d 270, 284-85, 551 P.3d 127 (2024).

Aaron petitioned for review. He now argues that the Court of Appeals was wrong to hold that the "mechanical approach" was exclusively required under Kansas law for

determining allocation of personal injury awards. Instead, he suggests that, while all property of married persons is indeed marital property, there is room for an additional approach—the so-called "analytical approach." Under the analytical approach, courts analyze the nature and underlying reasons for the compensation in determining how to classify property. *Marshall v. Marshall*, 298 Neb. 1, 17, 902 N.W.2d 223 (2017). At oral argument, Aaron argued that the analytical approach, as articulated in *Buetow*, preserved good social policy in determining distribution of inchoate awards such as personal injury awards.

Nancy conditionally cross-petitioned for review, claiming Aaron failed to preserve his argument because he did not move to amend or alter the judgment under K.S.A. 2017 Supp. 60-252 at the district court. In response to Aaron's petition, Nancy—in a rarely seen turn given that she lost on appeal—argues the Court of Appeals was correct to hold all property is considered marital and subject to equitable division, and that the analytical approach is not required during the division of marital property. We granted review of both petitions.

DISCUSSION

Questions of law, including those of statutory interpretation, are subject to plenary review. *In re N.E.*, 316 Kan. 391, 402, 516 P.3d 586 (2022). Nancy first claims Aaron failed to preserve his sole issue on appeal because he did not first raise it in a post-judgment motion before the trial court. Specifically, she argues that because a party has a duty to object to inadequate "findings of fact [and] conclusions of law," Aaron needed to file a motion to amend or alter the judgment before appealing to the Court of Appeals. See, e.g., *Tucker v. Hugoton Energy Corp.*, 253 Kan. 373, 378, 855 P.2d 929 (1993) ("[A] litigant must object to inadequate findings of fact and conclusions of law in order to give the trial court an opportunity to correct them.").

3

The Court of Appeals rejected this argument, noting that "the parties and [district] court addressed how to categorize the personal injury awards, including use of the analytical approach, and it is not being argued for the first time on appeal." *Meek*, 64 Kan. App. 2d at 276. The Court of Appeals further noted, citing to this court's decision in *In re Marriage of Bradley*, 258 Kan. 39, 899 P.2d 471 (1995), that Nancy was misapplying this court's caselaw by arguing that challenges to legal reasoning and methodology are forfeit when a party did not object in a post-judgment motion. See *Meek*, 64 Kan. App. 2d at 276-77.

The Court of Appeals is correct. Litigants must generally raise legal *issues* at the district court, but that does not mean a party must file a motion to alter or amend the judgment for every adverse legal *conclusion*. See *In re Care & Treatment of Miller*, 289 Kan. 218, 224-25, 210 P.3d 625 (2009) (noting the general rule that issues must be raised in the district court before being raised on appeal). The phrase "findings of fact and conclusions of law" in caselaw that Nancy attempts to transform into a reconsideration motion requirement reflects Supreme Court Rule 165, which requires a district court to state its findings of fact and conclusions of law when granting a motion for summary judgment. Supreme Court Rule 165 (2025 Kan. S. Ct. R. at 228). And Nancy cites no caselaw from this court requiring a litigant to ask a district court to reconsider every adverse legal *ruling* before filing an appeal when the legal issue is itself preserved or capable of appellate review.

Rather, we have repeatedly emphasized that the purpose of requiring an objection to "findings of fact and conclusions of law," i.e. the district court's ruling, is to ensure a sufficient factual record on appeal. *Bradley*, 258 Kan. at 49-50 ("If the 'trial court's findings of fact and conclusions of law are inadequate to disclose the controlling facts or the basis of the court's findings,' thus precluding meaningful appellate review, we may remand for additional findings and conclusions although none of the parties objected in the trial court. . . . [I]f the findings are objectionable on grounds other than sufficiency of

4

the evidence, an objection at the trial court level is required to preserve the issue for appeal. If, however, the appellate court is precluded from extending meaningful appellate review, the case may be remanded although no objection was made in the trial court."); see also *Bicknell v. Kansas Dept. of Revenue*, 315 Kan. 451, 510, 509 P.3d 1211 (2022) ("KDOR did not object to the district court findings and conclusions below. And the district court made sufficient factual findings throughout its 53-page Order to enable meaningful review, disposing of any need for remand. KDOR failed to adequately preserve this issue for appellate review."); *State v. Espinoza*, 311 Kan. 435, 437-38, 462 P.3d 159 (2020) ("Espinoza did not object to the district court's failure to make factual findings at sentencing and he did not file a motion under Kansas Supreme Court Rule 165 [2020 Kan. S. Ct. R. 215]. Because Espinoza failed to meet this obligation, his as-applied challenge to the constitutionality of his hard 25 sentence is not amenable to appellate review.").

Our caselaw does not require litigants to file a motion to alter or amend the judgment every time a litigant is on the wrong side of the district court's legal conclusions. Applying our caselaw here, the factual record in this matter is sufficient for us to resolve the legal questions in play.

Granted, some caselaw from the Court of Appeals supports Nancy's position. For example, in *In re Marriage of Stewart*, No. 125,850, 2023 WL 8499235 (Kan. App. 2023) (unpublished opinion), a wife notified the district court that her husband had withdrawn $6,200 from an account associated with a rental business assigned to her in the divorce. The district court ultimately held that the husband could keep the money, but that the wife would receive all rental income going forward. When the wife cross-appealed the award of the $6,200, the Court of Appeals held that the wife had failed to preserve the issue because she did not move to alter or amend the order under K.S.A. 60-252 at the district court. 2023 WL 8499235, at *7. These decisions are disapproved. While litigants typically must ensure a sufficient factual record for consideration on

appeal, a party need only raise a legal issue below for preservation purposes. A party faced with an adverse judgment on a legal issue need not move to amend or alter the judgment to preserve that issue for appellate review. Because Aaron did raise the issue below, the issue is preserved for review.

*Mechanical vs. Analytical Approach*

The parties and lower courts make much ado about the mechanical and analytical approaches to the division of property in a divorce. But we find it simpler to follow the plain text of the statutory scheme without the need for labels. If a label is required, one might term it the "statutory approach"—which has the added benefit of preserving the courts' role in Kansas to interpret the law, not write it. *State v. Spencer Gifts*, 304 Kan. 755, 761, 374 P.3d 680 (2016) (noting that plain statutory language generally trumps judicial decisions and the parties' policy preferences). As such, future references by courts in Kansas to either the "analytical approach" or the "mechanical approach" are disapproved.

First, K.S.A. 23-2601 defines separate property in a marriage as follows:

"The property, real and personal, which any person in this state may own at the time of the person's marriage, and the rents, issues, profits or proceeds thereof, and any real, personal or mixed property which shall come to a person by descent, devise or bequest, and the rents, issues, profits or proceeds thereof, or by gift from any person, shall remain the person's sole and separate property, notwithstanding the marriage, and not be subject to the disposal of the person's spouse or liable for the spouse's debts, except as provided in K.S.A. 33-101 et seq. and 33-201 et seq., and amendments thereto."

Next, K.S.A. 23-2801(a) defines what happens to separate property when a divorce action is filed:

"All property owned by married persons, including the present value of any vested or unvested military retirement pay, or, for divorce or separate maintenance actions commenced on or after July 1, 1998, professional goodwill to the extent that it is marketable for that particular professional, *whether described in K.S.A. 23-2601, and amendments thereto*, or acquired by either spouse after marriage, and whether held individually or by the spouses in some form of co-ownership, such as joint tenancy or tenancy in common, *shall become marital property* at the time of commencement by one spouse against the other of an action in which a final decree is entered for divorce, separate maintenance, or annulment." (Emphases added.)

Thus, per the plain statutory text, all property of married persons becomes marital property upon commencement of divorce proceedings in which a court enters a final divorce decree. Furthermore, K.S.A. 23-2802(c) spells out the factors a district court is to consider when making equitable division of marital property:

"(1) The age of the parties; (2) the duration of the marriage; (3) the property owned by the parties; (4) their present and future earning capacities; (5) the time, source and manner of acquisition of property; (6) family ties and obligations; (7) the allowance of maintenance or lack thereof; (8) dissipation of assets; (9) the tax consequences of the property division upon the respective economic circumstances of the parties; and (10) such other factors as the court considers necessary to make a just and reasonable division of property."

These factors are not a direct match to the factors considered under the "analytical approach" in categorizing and dividing property. For instance, *Buetow* stated that a court should consider (1) the purpose of the award, (2) the time period of any diminished earning potential or disability, (3) the nature and date of the underlying injury, and (4) the terms of the award in determining whether Federal Employers' Liability Act benefits were marital property. 27 Kan. App. 2d at 613.

7

Aaron nevertheless argues that the *Buetow* factors are good public policy and should be preserved. We decline to supplement the statutory text with appellant's preferred social policy. *Spencer Gifts*, 304 Kan. at 761. We affirm the Court of Appeals and remand to the district court for it to conduct equitable division of the marital estate with both annuities considered marital property. We express no view as to how the district court should exercise its considerable discretion during marital property division.

Judgment of the Court of Appeals reversing the district court is affirmed. Judgment of the district court is reversed, and the case is remanded with directions.